1  CHRIS ROSFJORD, WSBA #37668
   ROSFJORD LAW, PLLC
2  6725 22nd Ave NW
   Seattle, WA 98117
3  (206) 321-4849
   Email: rosfjordlaw@gmail.com
4  *Attorney for Plaintiff*

5

6

7  ## UNITED STATES DISTRICT COURT

8  ## FOR THE WESTERN DISTRICT OF WASHINGTON

9
   JOSH THOMAS, an individual,
10                                              CASE NO.
            Plaintiff,
11
   v.
12                                              **CLASS ACTION COMPLAINT**
   BANK OF AMERICA CORPORATION,
13                                              **[JURY DEMAND]**
            Defendant.

14
15      Plaintiff JOSH THOMAS, by and through his attorney, Chris Rosfjord of Rosfjord
16  Law, PLLC, brings this Class Action Complaint, on behalf of himself and all others
    similarly situated, alleges as follows:
17
                            **I.  PARTIES**
18
        1.      Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap
19  County, Washington.
20
        2.      Upon information and belief, Defendant BANK OF AMERICA
21  CORPORATION ("Defendant" or "Bank of America") is a Delaware corporation doing
22  business within this district and with multiple business locations within this District.
23                   **II.  JURISDICTION AND VENUE**
24
        3.      This Court has jurisdiction over the subject matter of this Complaint
25  pursuant to 28 USC § 1331(a), 15 USC § 1861p, 15 USC § 1640, and 28 USC § 1367.

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 1 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

4.      This Court has personal jurisdiction over Defendant Bank of America because Defendant Bank of America is doing business in this District, has multiple business locations in this District, and purposefully directed its actions complained of herein towards this forum which have caused and are causing injury to Plaintiff Thomas.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c).

### III.  FACTUAL ALLEGATIONS

6.      Plaintiff Thomas is an independent contractor who provides computer programming services.

7.      In or about June 2015, Plaintiff Thomas obtained an Alaska Airlines Signature Visa credit card through Bank of America ("Alaska Airlines Visa").

8.      On January 28, 2018, Plaintiff Thomas made his monthly online payment that was due on February 6, 2018. Plaintiff Thomas inadvertently paid $345.00, instead of the $348.00 that was due. Plaintiff Thomas did not receive any notification when making his payment that would have alerted him that the payment was $3.00 short, e.g. "The payment  you have scheduled is less than the amount currently due. Would you still like to proceed?".

9.      On January 29, 2018, Plaintiff Thomas' payment posted to his Alaska Airlines Visa account and reflected payment of $348.00.

10.     On February 9, 2018, Plaintiff Thomas logged into his Alaska Airlines Visa account and saw that on February 7, 2018, the $3.00 deficiency had been converted into a $3.00 late fee, instead of reflecting a $3.00 past due amount and adding a normal $38.00 late fee. There was no additional $38.00 late fee for February 2018, just the converted $3.00 late fee.

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

11.     On February 9, 2018, Plaintiff Thomas attempted to make an online payment for the $3.00 late fee plus his March 2018 payment, but his March 2018 bill was not showing as due. Instead, the screen showed a due date of October 6, 2017 and an amount due of $345.00.

12.     Due to health issues and a hospitalization, Plaintiff Thomas was unable to give the matter any further attention until March 13, 2018, when he made an online payment of $726.00 for March 2018 and April 2018, plus the $3.00 late fee and a late fee of $38.00 for March 2018. Although the March 2018 was late, it was still made within the grace period.

13.     On March 9, 2018, Bank of America reported Plaintiff Thomas' account as past due in the amount of $355.00 to the credit bureaus, even though Plaintiff Thomas was still within the grace period for his March 2018 payment.

14.     On March 15, 2018, Plaintiff Thomas saw that Bank of America had reported his account as past due in the amount of $355.00 to the credit bureaus. Plaintiff Thomas also saw that Bank of America had reported his February 2018 payment as paid.

15.     On March 15, 2018, Plaintiff Thomas first spoke with Vanessa Carlos, a Bank of America Supervisor regarding why Bank of America was reporting that his March 2018 payment was late when it had been made during the grace period. It was the first of several conversations Plaintiff Thomas had with Ms. Carlos over next few weeks. Ms. Carlos informed Plaintiff Thomas that she would relay their conversations to Bank of America's Credit Department.

16.     Plaintiff Thomas asked Ms. Carlos why Bank of America had not attempted to contact him to notify him that his February 2018 payment was $3.00 short. Ms. Carlos inaccurately stated that Bank of America only contacts customers whose

Class Action Complaint
(Thomas v. Bank of America Corporation)
Page 3 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

payments are delinquent after the grace period has passed and before reporting the account to the credit bureaus, despite the fact that Bank of America's account statements contain notices to the contrary.

17.     Bank of America never contacted Plaintiff Thomas by telephone or in writing to inform him that his account was past due and that they were going to report the matter to the credit bureaus. Had Bank of America done so, Plaintiff Thomas could easily have rectified the situation.

18.     Plaintiff Thomas asked Ms. Carlos to remove the erroneous entry from Plaintiff Thomas' credit report. Ms. Carlos stated that if the Credit Department were to remove the erroneous entry, it would take 60-90 days.

19.     In her conversation with Plaintiff Thomas, Ms. Carlos admitted that Bank of America had an automated response system when responding to violations of the Fair Credit Reporting Act.

20.     In her conversation with Plaintiff Thomas, Ms. Carlos falsely stated that the credit resolution team cannot be reached be telephone or email.

21.     Due to Ms. Carlos' false representations, abrasive nature, and failure to understand the circumstances of the situation, Plaintiff Thomas requested to voluntarily close his Bank of America credit card account. Bank of America failed to close Plaintiff Thomas' account.

22.     Plaintiff Thomas subsequently disputed the late payment with the credit bureaus. Despite Plaintiff Thomas' conversations with Ms. Carlos, Bank of America responded to the credit bureaus that it had accurately reported Plaintiff Thomas' account.

23.     Upon reviewing his payment history as reported to the credit bureaus, Plaintiff Thomas discovered that Bank of America had made multiple erroneous reports

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 4 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1  regarding Plaintiff Thomas' credit card account. For example, Bank of America reported

2  a scheduled payment of $352.00, instead of $348.00, for February 2018 and $371.00,

3  instead of $352.00, for March 2018, and that those payments were made on January

4  29, 2018. However, the March 2018 payment was made on March 13, 2018.

5      24.    According to the information in Plaintiff Thomas' credit report, all

6  payments were made early and on-time.

7      25.    Plaintiff Thomas has repeatedly requested details of Bank of America's

8  investigation into his disputed account and what Bank of America has done to

9  determine whether or not the information is accurate. Bank of America has not provided

10  the full details of what, if any, investigation Bank of America has done and has never

11  informed Plaintiff Thomas in writing that it reported negative information regarding his

12  account to the credit bureaus.

13      26.    Through the credit reporting agencies, Plaintiff Thomas receives email

14  notifications from the agencies when there has been a change to his credit report,

15  whether it be positive or negative.

16      27.    In April 2019, Plaintiff Thomas received an email notification showing that

17  Bank of America was correctly reporting his March 2018 payment as on-time, but was

18  falsely reporting his April 2018 payment as late.

19      28.    Days later, Plaintiff Thomas received another email notification showing

20  that Bank of America was now correctly reporting his April 2018 payment as on-time,

21  but now was again falsely reporting his March 2018 payment as late.

22      29.    On April 15, 2019, Plaintiff Thomas was contacted by "Kendra" of the

23  Bank of America's credit dispute resolution department. Plaintiff Thomas spoke with

24  "Kendra" about the dispute he has with Bank of America set forth in the paragraphs

25  above. "Kendra" informed Plaintiff Thomas that she had been assigned to look into

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 5 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

Plaintiff Thomas' complaint regarding the erroneous information Bank of America was reporting to the credit bureaus. "Kendra" stated that her investigation would take 3-5 business days to complete and that she would subsequently follow up with Plaintiff Thomas. The correction process actually took over a month.

30.     Despite repeated efforts, Plaintiff Thomas was unable to reach "Kendra" and she would not return his phone calls, despite Plaintiff Thomas always leaving a voicemail.

31.     Plaintiff Thomas never received an explanation from "Kendra" regarding the duplicate charge.

32.     Even though the negative report was removed, it was reinstated during the process.

## IV.  CLASS ACTION

33.     Plaintiff brings this action on behalf of a nationwide class preliminarily defined as:

> All individuals residing in the United States who, during the three years prior to the date this Complaint was filed, had erroneous information reported to the credit reporting agencies by Defendant Bank of America regarding their Bank of America account(s) which Defendant Bank of America knowingly failed to correct (the "Nationwide Class").

Excluded from the Nationwide Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

34.     Plaintiff also brings this action on behalf of a Washington State class primarily defined as:

> All individuals residing in Washington State who, during the three years prior to the date this Complaint was filed, had erroneous information reported to the credit reporting agencies by Defendant Bank of America

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

regarding their Bank of America account(s) which Defendant Bank of America knowingly failed to correct (the "Washington State Class").

Excluded from the Washington State Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

35.    These classes are collectively referred to herein as the "Class." Plaintiff reserves the right to amend these class definitions.

36.    Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

37.    **Numerosity.** The proposed Class reportedly consists of hundreds, if not thousands, of members–far too many to join in a single action, and although the Washington Class may be smaller, on information and belief the Washington Class still consists of hundreds, if not thousands, of members, at a minimum, and also satisfies the numerosity requirement.

38.    **Ascertainability.** Class members are readily identifiable from information in Defendant's possession, custody, or control.

39.    **Typicality.** Plaintiff's claims are typical of Class members' claims as each arises from Defendant Bank of America's wrongful actions in the course of attempting to collect a debt.

40.    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class. His interests do not conflict with Class members' interests and he has retained experienced counsel to vigorously prosecute this action on behalf of the Class.

41.    **Commonality.** Plaintiff's and Class members' claims raise predominantly common factual and legal questions that can be answered for all Class members

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions. The answer to each of these questions will necessarily be the same for each class member.

      A.    Whether the Class members had erroneous information reported to the credit reporting agencies by Defendant Bank of America regarding their Bank of America account(s) which Defendant Bank of America knowingly failed to correct;

      B.    Whether Defendant Bank of America's conduct resulted in defamation of Class members;

      C.    Whether Defendant Bank of America's conduct violated the Fair Credit Reporting Act;

      D.    Whether Defendant Bank of America's conduct violated the Washington Consumer Protection Act;

      E.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

    42.    In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b). Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## V.  CAUSES OF ACTION

### A.  FIRST CLAIM FOR RELIEF - DEFAMATION

### (On Behalf of Plaintiff and All Classes)

    43.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 42 above.

    44.    Between March 2018 and the present, Defendant Bank of America

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 8 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

willfully and maliciously made inaccurate negative statements to credit reporting agencies regarding Plaintiff Thomas' credit account with Bank of America, in particular that the credit account was delinquent. Defendant Bank of America has willfully and maliciously made negative statements to credit reporting agencies regarding respective Class members' credit accounts.

45.     The statements Defendant Bank of America made about Plaintiff Thomas' and respective Class members' credit accounts being delinquent are false and defamatory.

46.     The false and defamatory statements Defendant Bank of America made about Plaintiff Thomas and respective Class members are defamatory *per se* because they have deprived Plaintiff Thomas and respective Class members of the benefit of public confidence and social intercourse and have injured them in their occupations.

47.     The false and defamatory statements Defendant Bank of America made about Plaintiff Thomas and respective Class members are not and were not privileged.

48.     As a direct and proximate result of Defendant Bank of America's defamatory statements, Plaintiff Thomas and the Class members have suffered damages, including, but not limited to, emotional distress, humiliation, damage to their credit and reputation, and lost business opportunities, in an amount to be proven at trial.

**B.     SECOND CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86, *et seq.***

**(On Behalf of Plaintiff and All Classes)**

49.     Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 48 above.

50.     Defendant Bank of America employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*, by failing to close Plaintiff Thomas' Bank of America

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

account as requested and by willfully and maliciously inaccurately reporting information regarding Plaintiff Thomas' and respective Class members credit accounts to the credit bureaus.

51.    Defendant Bank of America's unfair and deceptive acts and practices have the capacity to deceive a substantial portion of the public.

52.    Defendant Bank of America's unfair and deceptive acts and practices have an impact on public interest because there is a likelihood that the acts will be repeated with other persons.

53.    As a direct and proximate result of Defendant Bank of America's unfair and deceptive acts and practices, Plaintiff Thomas and the Class members have incurred damages in an amount to be proven at trial.

54.    Pursuant to RCW 19.86.90, Plaintiff Thomas and the Class members are entitled to an award of treble damages.

55.    Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and the Class members are entitled to payment of reasonable attorney fees and costs and civil penalties by Defendant Bank of America.

C.    THIRD CLAIM FOR RELIEF – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 USC § 1681n and 15 USC § 1681o

(Plaintiff Thomas)

56.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 55 above.

57.    Plaintiff Thomas submitted timely payments to Defendant Bank of America to be applied to his credit card account maintained with Defendant Bank of America.

58.    Defendant Bank of America willfully failed to correctly apply Plaintiff Thomas' payments to his credit card account maintained with Defendant Bank of

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

America.

59.     In violation of 15 USC § 1681s-2, Defendant Bank of America knowingly and willfully reported inaccurately to the credit reporting agencies that Plaintiff Thomas' credit card account maintained with Defendant Bank of America was delinquent.

60.     Upon information and belief, in violation of 15 USC § 1681s-2, Defendant Bank of America failed to promptly notify the consumer reporting agencies that Defendant Bank of America was inaccurately reporting Plaintiff Thomas' credit card account as delinquent.

61.     In violation of 15 USC § 1681s-2, Defendant Bank of America failed to promptly notify Plaintiff Thomas that Defendant Bank of America was reporting Plaintiff Thomas' credit card account as delinquent.

62.     Plaintiff Thomas has been damaged by Defendant Bank of America's willful and inaccurate reporting of his Bank of America credit card account to credit reporting agencies.

63.     Pursuant to 15 USC § 1681n(a)(1)(A), Plaintiff Thomas is entitled to his actual damages of at least $100.00 and up to $1000.00 for each of Defendant Bank of America's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

64.     Pursuant to 15 USC § 1681n(a)(2), Plaintiff Thomas is entitled to punitive damages for each of Defendant Bank of America's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

65.     Pursuant to 15 USC § 1681n(a)(3), Plaintiff Thomas is entitled to his reasonable costs and attorney fees.

66.     Pursuant to 15 USC § 1681o(a)(1), Plaintiff Thomas is entitled to his actual damages incurred as a result of Defendant Bank of America's negligent violations of its duties under 15 USC § 1681s-2 to be proven at trial.

67.     Pursuant to 15 USC § 1681o(a)(2), Plaintiff Thomas is entitled to his

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 11 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

reasonable costs and attorney fees.

**D.     FOURTH CLAIM FOR RELIEF – BREACH OF CONTRACT**

**(Plaintiff Thomas)**

68.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 67 above.

69.    Plaintiff entered into a valid contract with Defendant Bank of America for the opening and maintaining of Plaintiff Thomas' a credit card account with Defendant Bank of America.

70.    Defendant Bank of America has materially breached its contract with Plaintiff Thomas by, among other things, failing to close Plaintiff Thomas' credit card account with Defendant Bank of America and improperly reporting Plaintiff Thomas' account as delinquent.

71.    As a result of Defendant Bank of America's material breach of its contract with Plaintiff Thomas, Plaintiff Thomas has suffered damages in amount to be proven at trial.

## VI.  JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh Thomas respectfully requests a trial by jury on all issues properly triable by jury.

## VII.  PRAYER FOR RELIEF

Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the following relief:

1.    An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

2.    An award of damages in an amount to be proven at trial;

3.    An award of punitive damages, pursuant to 15 USC § 1681n(a)(2);

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 12 of 13

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1    4.      An award of treble damages, pursuant to RCW 19.86.90;

2    5.      An award of civil penalties, pursuant to RCW 19.86.140;

3    6.      An award of reasonable attorney fees and other costs incurred out of the

4    necessity of having to bring this litigation;

5    7.      An award of pre-judgment and post-judgment interest;

6    8.      Leave to amend this Complaint to conform to the evidence;

7    9.      Such other and further relief as this Court may deem just and equitable.

8    DATED this 26th day of July, 2019,

9

10                               ROSFJORD LAW PLLC

11

12

13                               _____
                                 Chris Rosfjord, WSBA #37668
                                 Attorney for Plaintiff

14                               FREEMAN LAW FIRM, INC.

15

16

17                               /s/ Spencer Freeman
                                 _____
                                 Spencer Freeman, WSBA #25069
18                               Attorney for Plaintiff

19

20

21

22

23

24

25

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849