THE HONORABLE THERESA L. FRICKE

Gregory J. Marshall (AZ No. 019886) (*admitted pro hac vice*)
Ed J. Hermes (AZ No. 030529) (*admitted pro hac vice*)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren  Suite 1900
Phoenix, Arizona 85004
p: 602.382.6000
f: 602.382.6070
gmarshall@swlaw.com
ehermes@swlaw.com

Ramina Dehkhoda-Steele, WSBA No.  31136
Noel S. Yumo, WSBA No. 30584
Wong Fleming
10675 Willows Road NE, Ste. 250
Redmond, WA 98052
Tel.: 425.869.4040 Fax: 425-869-4050

*Attorneys for Defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, an individual, | Case No. 3:19-CV-05689-TLF |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| BANK OF AMERICA CORPORATION, | **HEARING DATE: October 18, 2019** |
| Defendant. | |

Defendant Bank of America, N.A. ("BANA") moves to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]

**I.      INTRODUCTION**

---

[1] BANA notes that the Complaint does not allege that there is general or specific personal jurisdiction in Washington for the claims of putative class members who do not reside in Washington.  BANA denies that personal jurisdiction over such claims of non-Washington residents can be shown to exist here.  *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty*., 137 S. Ct. 1773 (2017).  Accordingly, BANA preserves its Fed. R. Civ. P. 12(b)(2) defense along with this motion.

4845-3936-2214

Plaintiff Josh Thomas' ("Plaintiff") complaint should be dismissed for failure to state a claim under the Fair Credit Reporting Act ("FCRA"), as he has not alleged that any information BANA furnished to credit reporting agencies ("CRAs") was inaccurate. Specifically, while Plaintiff alleges that he disputed certain late payment reporting with the CRAs, he also freely admits in his Complaint that his payment was in fact late. Plaintiff also fails to state a claim under the FCRA because he fails to allege that BANA did not conduct a proper investigation in response to Plaintiff's dispute. Plaintiff's state law defamation and consumer protection claims must be dismissed because they are preempted by the FCRA, and also fail to state a claim. Finally, Plaintiff's breach of contract claim fails to state a claim because he fails to allege a provision of the contract that BANA breached, or how he was damaged thereby. For all of these reasons, the Complaint should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has a credit card with BANA. Plaintiff's minimum monthly payment of $348 was due on February 6, 2018. Doc. 1, ¶8. Plaintiff did not make the entire payment by February 6, 2018 (Doc., ¶8), and did not pay before the next month's payment was due either. Doc., ¶12. To the contrary, Plaintiff did not make the full minimum monthly payment that was due by February 6, 2018 until March 13, 2018, at which point Plaintiff was also past due for his March 6, 2018 payment. Doc., ¶¶12-13.

Plaintiff alleges that BANA reported the account as past due to the CRAs. Doc., ¶14. Plaintiff complains that no one from BANA "attempted to contact him to notify him that his February 2018 payment was $3.00 short" and "never contacted Plaintiff by telephone or in writing to inform him that his account was past due and that they were going to report the matter to the credit bureaus." Doc., ¶¶16-17. Plaintiff alleges that he "subsequently disputed the late payment

4845-3936-2214

with the credit bureaus, but that BANA responded that it had accurately reported the account. Doc., ¶22.

Plaintiff next alleges that "[a]ccording to the information in Plaintiff's credit report, all payments were made early and on-time," but then proceeds to allege that "in April 2019," BANA reported the April 2018 payment as late. Doc., ¶¶ 22, 27. Days later, BANA allegedly reported the March 2018 payment as late instead. Doc., ¶ 28. While the allegations are that Plaintiff disputed this information directly with BANA on April 15, 2019 (Doc., ¶ 29), there are no allegations that Plaintiff thereafter disputed these reports with any CRA, much less how BANA responded to such disputes.

### III. LEGAL STANDARD

Under Rule 8(a)(2), a complaint must contain sufficient factual allegations to state a claim for relief that "is plausible on its face," and not merely "recitals of elements of a cause of action, supported by mere conclusory statements," to withstand a motion to dismiss. *Wright v. Accredited Home Lenders*, 2011 WL 2149997, *1 (W.D. Wash. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Id.,* citing *Iqbal* at 679; *see also Wilson v. Venture Fin. Grp., Inc.*, 2010 WL 2028088, at *4 (W.D. Wash. May 18, 2010). In considering a Rule 12(b)(6) motion, courts may take judicial notice of any fact that "is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

4845-3936-2214

## IV. ARGUMENT

**1. PLAINTIFF'S CLAIMS UNDER THE FCRA MUST BE DISMISSED BECAUSE HIS COMPLAINT SHOWS THAT BANA FURNISHED ACCURATE INFORMATION TO CRAs, AND FAILS TO SUGGEST THAT BANA CONDUCTED AN UNREASONABLE INVESTIGATION, ACTED WILLFULLY, OR DAMAGED HIM.**

### A. Plaintiff's Pleading Shows That BANA Furnished Accurate Information To The CRAs

The purpose of the FCRA is 'to protect consumers from the transmission of inaccurate information about them ... and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d L329, 1333 (9th Cir.1995) (citations removed).  The FCRA requires that, "[a]fter receiving notice of a dispute from a CRA, the furnisher of credit information must conduct an investigation and correct any deficiencies or errors in the prior reports." *Thepvongsa v. Reg'l Tr. Services Corp.*, 972 F. Supp. 2d 1221, 1230 (W.D. Wash. 2013) (citing 15 U.S.C. § 1681s–2(b)(1)).  A claim under the FCRA must be dismissed for failure to state a claim unless it adequately alleges that the furnisher of credit information was informed of a deficiency by a CRA but failed to conduct a reasonable investigation to fix a deficiency.  *Id*. (Dismissing plaintiff's complaint because "[t]here is no allegation that plaintiff provided notice to the CRAs" and therefore the furnisher had no duty to investigate.)

Here, Plaintiff pleads willful and negligent violations of the FCRA.  BANA's duty under the civil liability section of the FCRA is to conduct an investigation, known as a re-investigation, in response to any dispute received from a CRA.  According to the allegations, Plaintiff disputed the late payment reporting with the CRAs and thereafter BANA confirmed the accuracy of the payment.  Doc. 1, ¶ 28.  However, Plaintiff has failed to state a claim because he has not alleged that any information BANA furnished to CRAs was inaccurate.  Rather, the allegations detail that Plaintiff's payment was in fact late, and the fact that Plaintiff "inadvertently" paid less than what

4845-3936-2214

was owed, or experienced hardship in making his payments (see Doc. 1, ¶¶11-12, citing alleged problems paying online, health issues, and a hospitalization), neither the card agreement, nor the FCRA, preclude BANA from accurately reporting the lateness of this payment, in accordance with its obligations to the credit industry. Therefore, Plaintiff fails to state a claim under the FCRA and the claim must be dismissed.

### B. There Are No Plausible Allegations That BANA's Investigation Was Unreasonable.

Plaintiff's claims for negligent and willful violation of the FCRA should be dismissed on the independent ground that Plaintiff fails to allege that BANA failed to conduct a reasonable investigation. *See, e.g., Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 306 (E.D.N.Y. 2014) (dismissing Section 1681s–2(b) claim, in part, because the plaintiff "merely allege[d] in a conclusory fashion that Defendants 'knowingly, willfully, and deliberately violated' Plaintiff's rights under the FCRA"). To state a claim under Section 1681s–2(b), a plaintiff must allege, among other things, facts that would show a defendant's conduct failed to comply with the FCRA's statutory investigation requirements. *Id.*

Here, Plaintiff alleges no facts showing that BANA's investigation was unreasonable, but rather asserts in a conclusory manner that BANA took longer to investigate and, ultimately, to correct the issue, than he would have liked, and also that he was not apprised of the "full details" of the investigation. Doc. 1, ¶¶ 25, 29. This is nothing more than a "formulaic recitation of elements of a cause of action," which fails to state a claim under *Twombly*. *See Reeves v. Nelnet Loan Servs.*, 2018 WL 2200112, at *4 (S.D. Tex. May 14, 2018) (holding that the plaintiff's "one unsupported and conclusory allegation" that furnisher "failed to conduct a reasonable re-investigation of information forwarded to them by [] Consumer Reporting Agencies" was insufficient to state a Section 1681s–2(b) claim); *Shaunfield v. Bank of Am.*, 2013 WL 1846885, at *2 (N.D. Tex. Apr. 24, 2013) (dismissing FCRA claim where "[t]he pleadings merely recite[d] the

elements of a § 1681s–2(b) violation" but failed to "support[] those allegations with adequate factual content"); *Pauli v. CIT Bank, N.A.*, 2017 WL 2381275, at *3 (D. Nev. June 1, 2017) (same).

Plaintiff alleges that (1) he "inadvertently" failed to pay the full amount for his March 2018 monthly payment, (2) he "disputed the late payment [for March 2018] with the credit bureaus," (3) after notifying the CRAs and BANA, BANA "correctly report[ed] his April 2018 payment as on-time" and reported "his March 2018 as late." Doc. 1, ¶¶ 8, 22, 28. These and the other allegations in his Complaint fail to state a claim under the FCRA because he fails to adequately allege that BANA's investigation, after receiving notice from the CRAs, was unreasonable. Indeed, Plaintiff freely alleges that BANA revised its report to correctly allege the April 2018 payment as on-time and to report that the March 2018 payment was late. *Id*. at 28. This investigation could not have been unreasonable because Plaintiff's entire claim is premised on the fact that his March, 2018 was late because he "inadvertently" failed to pay the full amount. *Id*. at. 8. Therefore, Plaintiff's claim must be dismissed for failure to state a claim.

### C. Plaintiff's Allegations Do Not Support a Willful Violation of the FCRA.

Plaintiff also cannot state a claim for willful violation of the FCRA. To establish a "willful" violation of the FCRA, as Plaintiff purports to allege here, a plaintiff must demonstrate the violation was either "knowing" or "reckless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); *see also Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017) ("A party does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.") (quoting *Safeco*, 551 U.S. at 69). In a FCRA reasonable investigation claim, a plaintiff "must show that a defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive." *Frederick v. Capital One Bank (USA), N.A.*, 2018 WL 1583289, at *10 (S.D.N.Y. Mar.

4845-3936-2214

27, 2018). The mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy, does not constitute a willful failure to comply with the FCRA. *Id.*

Here, Plaintiff alleges no facts demonstrating a willful violation of the FCRA beyond his conclusory allegations that BANA "willfully failed to correctly apply Thomas' payments to his credit card account" and "willfully reported inaccurately to the credit reporting agencies that [his] credit card account […] was delinquent." *See, e.g.,* Doc. 1, ¶¶ 57–59. Such allegations that merely restate a legal conclusion are bereft of facts to survive dismissal. *See Farkash v. RJM Acquisitions Funding, Inc.*, 2012 WL 1948643, at *2–3 (S.D.N.Y. May 29, 2012) (finding a failure to adequately allege willfulness where the plaintiff asserted "in a conclusory manner" that each FCRA violation was willful); *see also Garrett v. Trans Union, LLC*, 2006 WL 2850499, at *13 (S.D. Ohio Sep. 29, 2006) (finding plaintiff's conclusory allegations that defendant bank "willfully" continued to report inaccurate information following an investigation insufficient to warrant punitive damages under the FCRA).

Furthermore, Plaintiff must demonstrate that his injury is both concrete and particularized to seek statutory damages for willful violations of the FCRA. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544–45, 1549 (2016) (holding that a bare statutory violation of the FCRA would not amount to a concrete injury unless there is a "risk of real harm"); *see also Dutta v. State Farm Mutual Auto. Ins. Co.*, 895 F.3d 1166, 1175–76 (9th Cir. 2018) (holding that plaintiff failed to demonstrate actual or substantial risk of harm resulting from alleged violation of FCRA's statutory notice requirements); *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779–80 (9th Cir. 2018) (holding that alleged violation of the FCRA's credit card expiration date redaction requirement, without more, does not result in any concrete harm); *Perry v. Columbia Recovery Grp., LLC*, 2016 WL 6094821, at *5–9 (W.D. Wash. Oct. 19, 2016); *Jaras v. Equifax, Inc.*, 766 F. App'x 492, 495 (9th Cir. 2019) (holding that "[w]ithout any allegation of the credit report harming Plaintiffs' ability to

- 7 -

enter a transaction with a third party in the past or imminent future, Plaintiffs [] failed to allege a concrete injury for standing.")

Here, Plaintiff makes no particular allegation that his ability to enter into a transaction with a third party was harmed. Indeed, Plaintiff makes no plausible allegation of damages at all. Therefore, his FCRA claim should be dismissed for failing to adequately allege he was damaged by BANA's alleged conduct.

### D. Because Plaintiff Did Not Allege Actual Damages, He Has Failed To Allege a Negligent Violation Of The FCRA.

Plaintiff's claim for negligent violation of the FCRA under 15 U.S.C. § 1681o should be dismissed for failure to allege actual damages. *See Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 240–41 (S.D.N.Y. 2014) ("[A] complaint alleging a claim for negligent violations of the FCRA under § 1681o must allege actual damages."); *see also Wheeler v. MicroBilt Corp.*, 700 F. App'x 725, 727 (9th Cir. 2017) (affirming dismissal of claim for negligent violation of the FCRA where plaintiff provided only conclusory allegations of embarrassment and humiliation by the erroneous report). To prove a claim for negligent failure to comply with the FCRA, Plaintiff must show a causal relationship between BANA's FCRA violation and the claimed harm, such as a loss of credit; absent this causal relationship, there can be no liability. *See, e.g., Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160–61 (11th Cir. 1991). For example, it is not enough for a consumer to show that the consumer's report is inaccurate and that the consumer was denied credit; instead, the consumer also must prove that the inaccuracy caused the alleged harm. *See Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 698 (W.D. Tex. 1994).

Here, Plaintiff alleges that BANA inaccurately reported that his credit card account was delinquent; however, he fails to allege any actual harm and merely asserts in a conclusory manner that he "has been damaged by Defendant Bank of America's willful and inaccurate reporting of his

4845-3936-2214

Bank of America credit card account to credit reporting agencies." Doc 1, at ¶ 62. In fact, Plaintiff admits that the alleged error was corrected and does not claim to have suffered any concrete or particularized injury as a result of it. *Id*. ¶¶ 29, ¶ 32. This is grounds for dismissal. *Olsen v. Experian Info. Sols., Inc.*, No. 16-CV-05707-PJH, 2017 WL 1046962, at *10 (N.D. Cal. Mar. 20, 2017) (dismissing claim for negligent violation of the FCRA where the damages "allegations amount[ed] to no more than expenses to notify furnishers and CRAs of the alleged inaccuracies" which "is not itself a source of damages"). Because Plaintiff has not made any plausible allegations that an alleged inaccurate report caused any particularized injury, Plaintiff's claim should be dismissed for failure to state a claim.

### E. Plaintiff's Allegations Regarding "Notice" Do Not Support a FCRA Violation.

Plaintiff alleges that BANA "violat[ed] 15 USC § 1681s-2 . . . [when it] failed to promptly notify Plaintiff," that BANA was reporting the payment as delinquent; however, there is no such obligation under the FCRA. 15 USC § 1681s-2 requires those who furnish credit information to make a reasonable investigation to fix an inaccuracy if informed of an inaccuracy by a CRA. *Thepvongsa v. Reg'l Tr. Services Corp.*, 972 F. Supp. 2d 1221, 1230 (W.D. Wash. 2013) (citing 15 U.S.C. § 1681s–2(b)(1)). The FCRA does not create an additional requirement, as implied by Plaintiff, that BANA must promptly notify a customer that it is reporting a delinquent payment to a CRA. Therefore, Plaintiff's FCRA claim must be dismissed to the extent it is supported by this theory.

### 2. THIS COURT SHOULD DISMISS PLAINTIFF'S DEFAMATION AND CONSUMER PROTECTION CLAIMS AS PREEMPTED AND FAILING TO STATE A CLAIM.

#### A. Plaintiff's State Law Defamation And Consumer Protection Act Claims Are Preempted By The FCRA.

Section 1681t(b)(1)(F) of the FCRA provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State […] with respect to any subject matter

- 9 -

4845-3936-2214

regulated under [...] section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681 t(b). The Ninth Circuit has indicated that, under the preemption language of § 1681t(b), no claim can be brought under state statutes for conduct covered by 15 U.S.C. § 1681s–2, *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1026 (9th Cir.2009), and the vast majority of other district courts have reached the same conclusion. *See, e.g., Dvorak v. AMC Mortg. Services, Inc.*, 2007 WL 4207220, at *5 (E.D. Wash. 2007) (J. Suko) (finding Plaintiffs' Washington CPA claim preempted by the FCRA); *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1144 (N.D. Cal. 2005) (finding UCL claim preempted because "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit"); *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1181 (E.D. Cal. 2005) (finding UCL claim, among others, pre-empted and stating "[o]n its face, the FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information"); *Keetch v. Saxon Mortg. Servs.*, No. 13-CV-0332-JLQ, 2013 WL 5945798, at *4 (E.D. Wash. Nov. 6, 2013) ("[I]t it appears the Plaintiffs' CPA claim could be dismissed as to the furnishers because it is expressly preempted by language of the FCRA.").

Indeed, courts within the Ninth Circuit have held that section 1681t(b)(1)(F) "totally preempts all state statutory and common law cases of action which fall within the conduct proscribed under § 1681s–2." *See Kianpour v. Wells Fargo Bank, N.A.*, No. CV1701757SJOGJSX, 2017 WL 8292775, at *4 (C.D. Cal. May 30, 2017) (collecting cases and holding that defamation and negligence claims relating to FCRA violations are preempted); *Kozlowski v. Bank of Am., N.A.*, No. 118CV00131DADEPG, 2018 WL 2096381, at *6 (E.D. Cal. May 7, 2018) (same); *White v.*

4845-3936-2214

*Navy Fed. Credit Union*, No. 18CV00402-WQH-BGS, 2018 WL 3729510, at *4 (S.D. Cal. Aug. 3, 2018) (same).

Here, Plaintiff's Washington CPA and defamation claims fall under the category of claims that Congress intended the FCRA to preempt, because they squarely focus on BANA's duties (and its alleged violations of those duties) under the FCRA. *Gorman*, 584 F.3d at 1166 ("§ 1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under § 1681s–2"). More specifically, Plaintiff's Washington CPA claim alleges that BANA "willfully and maliciously inaccurately reported information regarding Plaintiff Thomas' and respective Class members credit accounts to the credit bureaus." Doc. 1, ¶ 50. Similarly, Plaintiff's defamation claim alleges that BANA "willfully and maliciously made inaccurate negative statements to credit reporting agencies regarding Plaintiff Thomas' credit account, in particular that the credit account was delinquent[,]" *id.* ¶ 44, and is therefore preempted by the FCRA as well. *Khmaissi v. Navient Sols., LLC*, No. C16-5994 BHS, 2018 WL 4811898, at *4 (W.D. Wash. Oct. 4, 2018) (finding defamation claim based on alleged violation of the FCRA is preempted); see also *Kianpour*, 2017 WL 8292775, at *4 (C.D. Cal. May 30, 2017) (finding defamation claim preempted by section 1681t(b)(1)(F) of the FCRA).

Plaintiff's defamation and consumer protection claims are premised on the same theory supporting his FCRA claims. As to defamation, Plaintiff alleges that BANA "made inaccurate negative statements to credit reporting agencies regarding Plaintiff Thomas' credit account with Bank of America, in particular that the credit account was delinquent." Doc. 1, ¶44. As to consumer protection, Plaintiff alleges "inaccurately reporting information" to the credit bureaus. Doc. 1, ¶ 50. Therefore, these claims are preempted by the FCRA and must be dismissed.

4845-3936-2214

### B. Plaintiff Fails To Plead A Claim Under The Washington Consumer Protection Act.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail on a Washington Consumer Protection Act ("CPA") claim, a plaintiff must demonstrate: (1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) which impacts the public interest; (4) an injury to business or property; and (5) a causal link between the injury and the deceptive act or practice.[2] *Columbia Physical Therapy, Inc., P.S. v. Benton Franklin Orthopedic Assoc.*, P.L.L.C., 168 Wash.2d 421, 228 P.3d 1260, 1269 (Wash.2010).

Plaintiff does not actually identify an "unfair or deceptive" act in which BANA participated. Instead, Plaintiff's CPA claim makes only rote and generic allegations that BANA "employed unfair and deceptive acts . . . by failing to close Plaintiff Thomas' Bank of America Account as requested and by willfully and maliciously inaccurately reporting information." Doc. 1, ¶¶ 50, 53. While Plaintiff alleges that BANA "falsely report[ed] his March 2018 payment as late," he freely admits that he was indeed delinquent in his March 2018 payment because he did not make his complete payment, even if his failure to make his complete payment was "inadvertent." *Id.* at ¶¶ 8, 29. Plaintiff does not dispute the accuracy of the reporting that Plaintiff was deficient in making a timely payment; rather, he freely admits this fact. *Id*. Therefore, there are no allegations

---

[2] In addition, BANA and Plaintiff agreed that "This [Credit Card] Agreement is made in North Carolina and we extend credit to you from North Carolina. This Agreement is governed by the laws of the State of North Carolina (without regard to its conflict of laws principles) and by any applicable federal laws." *See* Credit Card Agreement, p. 13, Ex. A to the Declaration of Steven Woodside ("Woodside Decl."). Accordingly, Washington common law and statutory claims should not apply here. *See Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1218, 1229 (W.D. Wash. 2014) (enforcing contractual choice of law provisions); *Erwin v. Cotter Health Centers,* 161 Wash. 2d 676, 696, 167 P.3d 1112, 1122 (2007) (applying the Restatement (Second) of Conflict of Laws § 187 (1971) ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . ."); *cf. Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash.2d 107, 744 P.2d 1032, 1066 (1987).

supporting the theory that BANA somehow deceived Plaintiff, so his claim under the CPA should be dismissed for failure to plead adequate supporting facts.

### 3. PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND DEFAMATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

#### A. Plaintiff Fails to Allege Sufficient Facts to State a Claim for Breach of Contract.

To prevail on his breach of contract claim, Plaintiff must establish: (1) the existence of a valid contract; (2) breach; and (3) damages. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6 (1995); *Bigelow v. Sassafras Grove Baptist Church*, 247 N.C. App. 401, 404, 786 S.E.2d 358, 362 (2016) (same).[3] Plaintiff alleges that BANA breached its contract, presumably the credit card agreement, by (1) failing "to close Plaintiff Thomas' account," and (2) improperly reporting his account as delinquent. Doc. 1, ¶¶ 21, 70.

Plaintiff does not allege which provision of the card agreement was allegedly breached, nor what damages he could have suffered as a result when Plaintiff can stop using his credit card at any time. In fact, the card agreement states that "[y]ou may close your account at any time by notifying us in writing or by telephone." *See* Woodside Decl. at Ex. A, p. 11. Your obligations under this Agreement continue even after the account is closed." *See id.* at 11. The Agreement further states, "if we believe you have authorized a transaction or are attempting to use your account after you have requested to close the account, we may allow the transaction to be charged to your account." *Id*. Plaintiff has not alleged how these provisions – or any other provision of the card agreement – were breached, nor how Plaintiff could have sustained any injury from them.

---

[3] *See* footnote 2 explaining that, under the contractual choice of law provision, North Carolina law applies to this dispute. Regardless, the elements for breach of contract under Washington and North Carolina law are essentially the same.

- 13 -

4845-3936-2214

### B. Plaintiff's Claims For Breach Of Contract And Defamation Should Both Be Dismissed For Failure To Allege Damages.

As previously discussed, Plaintiff fails to allege damages in his Complaint. This provides yet another ground for dismissal of his breach of contract claim. See *Gordon v. John 1–10 Does*, 459 F. App'x 681, 682 (9th Cir. 2011) (affirming dismissal of breach of contract claim for failure "to raise a triable dispute as to whether he could establish the damages element" under Washington law). The same argument applies to Plaintiff's defamation claim. "To plead defamation under Washington law, a plaintiff must show four essential elements: [1] falsity, [2] an unprivileged communication, [3] fault, and [4] damages." *Deeter-Larsen v. Whatcom Humane Soc'y*, No. C18-300 RAJ, 2018 WL 4951941, at *2 (W.D. Wash. Oct. 12, 2018) (citing *Mark v. Seattle Times*, 96 Wash. 2d 473, 486 (1981)). Because Plaintiff has failed to allege that he suffered any damages as a result of BANA's actions, his claims for breach of contract and defamation must be dismissed on this ground as well.

### V. CONCLUSION

For the foregoing reasons, BANA respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaint and award such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 26th day of September 2019.

SNELL & WILMER L.L.P.

By  */s/Ed J. Hermes*
    Gregory J. Marshall
    Ed J. Hermes

WONG FLEMING
Ramina Dehkhoda-Steele
Noel S. Yumo

*Attorneys for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 26th day of September 2019, I electronically transmitted the foregoing *Motion to Dismiss* to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electric Filing to the following CM/ECF registrants:

Chris Rosfjord, Esq.
ROSFJORD LAW PLLC
6725 22nd Avenue NW
Seattle, Washington 98117
206.321.4849
rosfjordlaw@gmail.com

Spencer Freeman, Esq.
Freeman Law Firm, Inc.
1107 1/2 Tacoma Ave S,
Tacoma, WA 98402
Tel.:253.383. 4500
Email: sfreeman@freemanlawfirm.org

*Attorneys for Plaintiff Josh Thomas*

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

By _____
Rina Arustamova

4845-3936-2214