UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSH THOMAS,<br><br>                Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION,<br><br>                Defendant. | CASE NO. C19-5689 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Bank of America Corporation's ("BANA") motion to dismiss for failure to state a claim. Dkt. 20. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 26, 2019, Plaintiff Josh Thomas ("Thomas") filed a complaint on behalf of himself and others similarly situated against BANA. Dkt. 1. Thomas alleged four claims: (1) defamation, (2) violation of Washington's Consumer Protection Act, RCW

Chapter 19.86 ("CPA"), (3) willful and negligent violations of the Fair Credit Reporting Act ("FCRA") and (4) breach of contract. *Id.*

On September 26, 2019, BANA moved to dismiss for failure to state a claim. Dkt. 20. On October 15, 2019, Thomas responded. Dkt. 22. On October 18, 2019, BANA replied. Dkt. 23.

## II. FACTUAL BACKGROUND

Thomas's allegations relate to BANA's handling of his credit card payments. Thomas alleges that on January 28, 2018, he made a payment on his BANA card in advance of the February 6, 2018 due date, but inadvertently paid $3.00 less than was due. Dkt. 1, ¶ 8. The payment posted on January 29, 2018. *Id*. ¶ 9. On February 9, 2018, Thomas consulted his online account and discovered that the $3.00 underpayment had been converted into a $3.00 late fee. *Id.* ¶ 10. Thomas attempted to pay the late fee and make his March 2018 payment at the same time "but his March 2018 bill was not showing as due" and "the screen showed a due date of October 6, 2017." *Id*. ¶ 11.

On March 9, 2018, BANA reported Thomas's account to the credit reporting agencies ("CRAs") as past due in the amount of $355.00. *Id*. ¶ 13.[1] "Due to health issues and a hospitalization," Thomas made his next payment on March 13, 2018, paying $736.00, which included the $3.00 late fee, his March 2018 bill, a $38.00 late fee for the March bill, and his April 2018 bill. *Id*. ¶ 12. On March 15, 2018 Thomas discovered BANA had report to the CRAs that his March 2018 payment was past due, but noted that

---

[1] The parties refer to both "credit reporting agencies" and "credit bureaus." The Court uses the abbreviation CRAs for consistency.

his February 2018 payment had been reported paid. *Id*. ¶ 14. That same day, Thomas contacted BANA to ask "why [BANA] was reporting that his March 2018 payment was late when it had been made during the grace period." *Id*. ¶ 15. Thomas alleges that after the BANA representative he spoke to made a number of false statements regarding BANA's policies on reporting delinquent payments to the CRAs and whether Thomas could contact BANA's credit resolution team, he requested BANA close his credit card account. *Id*. ¶¶ 16–21. BANA did not close his account. *Id*. ¶ 21.

Next, Thomas disputed the late payment with the CRAs. *Id*. ¶ 22. He alleges that BANA told the CRAs it had accurately reported his account. *Id*. Thomas reviewed his payment history as reported in his credit report, finding it reflected that "all payments were made early and on-time." *Id*. ¶¶ 23–24. Thomas alleges that despite repeated requests, BANA "has not provided the full details of what, if any, investigations [BANA] had done and has never informed [Thomas] in writing that it reported negative information regarding his account to the [CRAs]." *Id*. ¶ 25.

In April 2019, Thomas received an email notification through a CRA that BANA was reporting his March 2018 payment as on-time and his April 2018 payment as late. *Id*. ¶ 27. A few days later, he received another email notification "showing that [BANA] was now correctly reporting his April 2018 payment as on-time, but now was again falsely reporting his March 2018 payment as late." *Id*. ¶ 28.

On April 15, 2019, Thomas was contacted by a representative from BANA's credit resolution department, and they discussed his dispute with BANA. *Id*. ¶ 29. Thomas alleges that though the representative said her investigation would take 3-5

business days, the correction process took over a month. *Id*. Thomas alleges that he "never received an explanation . . . regarding the duplicate charge" and that "[e]ven though the negative report was removed, it was reinstated during the process." *Id*. ¶¶ 31–32.

## III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**A. FCRA**

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Section 1681s–2 of the FRCA sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and subsection (b) delineates duties upon notice of a dispute.

Specifically, subsection (b) requires that "[a]fter receiving notice of a dispute from a CRA, the furnisher of credit information must conduct an investigation and correct any deficiencies or errors in the prior reports." *Thepvongsa v. Reg'l Tr. Serv's Corp.*, 972 F. Supp. 2d 1221, 1230 (W.D. Wash. 2013) (citing 15 U.S.C. § 1681s–2(b)(1)).

Thomas alleges BANA violated section 1681s-2 of the FCRA by knowingly and willfully reporting inaccurately to the CRAs that his credit card account was delinquent, failing to promptly notify the agencies that BANA was making this inaccurate report, and failing to notify Thomas that BANA was reporting his credit card account as delinquent. Dkt. 1, ¶¶ 59–61. Thomas alleges he is thus entitled to damages, punitive damages, and costs and fees. *Id.* ¶¶ 63–67.

To the extent Thomas alleges BANA violated the FCRA when it reported allegedly inaccurate information prior to his report to the CRAs, or when it failed to provide him notice that it was furnishing negative information to the CRAs, he acknowledges that the FCRA does not provide a private right of action for these violations. Dkt. 22 at 5, 9. Thus, Thomas's FCRA claim must be supported by his allegations that at some point after March 15, 2018, he disputed the March 2018 late payment with the CRAs and BANA was either willful or negligent when it responded to the CRAs that its reporting was accurate. Dkt. 1, ¶¶ 15, 22, 63–67.

Thomas argues BANA cannot have conducted a reasonable investigation because his March 2018 payment was due March 6, 2018 and made March 13, 2018, so any reasonable investigation would have revealed that his March 2018 payment was not 30 days past due. Dkt. 22 at 6. BANA counters (apparently referencing the $3.00

underpayment from February 2018) that "the allegations are that [Thomas] did not make his payment due February 6 until March 13, meaning the payment he made in March was more than thirty (30) days late." Dkt. 23 at 2. The Court agrees with BANA that Thomas's allegations as currently pled do not plausibly allege BANA either willfully or negligently failed to make a reasonable reinvestigation simply because it continued to identify the March 2018 payment as late, even though that identification was apparently based on a small amount that could have alternatively identified the February 2018 payment, not the March 2018 payment, as late.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court finds that it is possible Thomas's FCPA claims for which a private right of action is available may be saved by amending and/or clarifying the factual allegations. Therefore, the Court grants the motion to dismiss as the FCPA claim with leave to amend.

**B.     Defamation**

To state a claim for defamation, the plaintiff must allege (1) that the defendant's statement was false, (2) that the statement was unprivileged, (3) that the defendant was at fault, and (4) that the statement proximately caused damages. *Alpine Indus. Computers, Inc. v. Cowles Pub. Co.*, 114 Wn. App. 371, 378 (2002) (citing *Caruso v. Local Union No. 690*, 107 Wn.2d 524, 529 (1987)).

BANA moves to dismiss Thomas's defamation claim arguing that (1) claims for defamation are preempted by the FCRA and (2) Thomas fails to allege that he suffered

any damages as a result of any alleged defamation. Thomas counters that because he alleged BANA willfully and maliciously provided inaccurate information to the CRAs regarding his March 2018 payment, his claim is not preempted. Dkt. 22 at 9–10 (citing Dkt. 1, ¶ 44). Thomas also cites the portion of his complaint where he alleges that BANA's defamation resulted in "emotional distress, humiliation, damage to . . . credit and reputation, and lost business opportunities, in an amount to be proven at trial." *Id.* at 10 (citing Dkt. 1, ¶ 47).

Thomas is correct that though the Ninth Circuit did not decide the issue, it stated that though section 1681t(b)(1)(F) of the FRCRA "appears to preempt all state law claims based on a creditor's responsibilities under § 1681s-2, § 1681h(e) suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1141, 1166 (9th Cir. 2009) ("*Gorman*"). However, BANA is correct that multiple district courts within the Ninth Circuit including this one have since stated that claims for defamation and libel are preempted by the FCRA. *See Khmaissi v. Navient Solutions, LLC*, No. C16-5994 BHS, 2018 WL 4811898, at *4 (W.D. Wash. Oct. 4, 2018) (granting summary judgment on the basis that a defamation claim is preempted by the FCRA and on the basis that the plaintiff failed to submit facts to support every element of her claim); *see also Kianpour v. Wells Fargo Bank, N.A.*, No. CV 17–01757 SJO (GJSx), 2017 WL 8292775, at *4 (C.D. Cal. May 30, 2017) (reviewing *Gorman* but adopting the "majority position that section 1681t(b)(1)(F) 'totally preempts all state statutory and common law causes of action which fall within the conduct proscribed under § 1681s–2'"). Like the court in *White v.*

*Navy Fed. Credit Union*, No. 18cv00402-WQH-BGS, 2018 WL 2739510, at *4 (Aug. 3, 2018), which explained that "[e]ven if section 1681h(e) excludes certain claims from preemption, [the plaintiff] fails to allege sufficient facts to support a plausible inference of 'malice or willful intent to injure' by [the defendant]," the Court finds that as the allegations which underlie Thomas's defamation claim (the same as those which underlie his FCRA claim) Thomas has failed to plausibly allege that BANA acted with malice or willful intent to injure. Thus, the Court grants the motion to dismiss with leave to amend.

**C.      Additional Claims**

Thomas concedes that his CPA claim is preempted by the FCRA. Thus, the Court grants the motion to dismiss as to this claim.

Regarding Thomas's breach of contract claim, Thomas must allege (1) the existence of a contract, (2) a material breach of that contract, and (3) resulting damage. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995).

BANA argues that Thomas fails to allege facts to support each element of a breach of contract claim. Thomas does not respond to BANA's argument, which the Court may consider as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). However, upon review of Thomas's complaint, Thomas alleges that he entered into a valid contract with BANA for the opening and maintenance of his credit card account, BANA breached that contract when it failed to close his credit card account and improperly reported his account as delinquent and that this breach damaged him. Dkt. 1, ¶¶ 69–71. While BANA highlights portions of the credit card agreement related to processing transactions after account closure and argues that Thomas has failed to allege

how these or other provisions of the card agreement were breached or describe how that breach could have injured him, BANA provides no authority showing breach of contract is subject to a heightened pleading standard, and the Court finds Thomas's allegations meet the plausibility standard. Therefore, the Court denies the motion to dismiss as to the breach of contract claim.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that BANA's motion to dismiss, Dkt. 20, is **GRANTED** in part and **DENIED** in part as set forth herein. Thomas shall file an amended complaint no later than February 5, 2020.

Dated this 22nd day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge